IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDELL B. ORR,<br><br>    Plaintiff,<br><br>v.<br><br>IDAWY, USDA FOREST SERVICE,<br>LAURLE LEWANDOWSKI, JUDY MARTIN,<br>DEAN JERRY MCALISTER,<br><br>    Defendants. | Case No. 4:11-CV-150-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff Orr's application to proceed without payment of fees. For the reasons explained below, the Court will deny the application and dismiss this case.

## ANALYSIS

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court is authorized to dismiss "at any time" a complaint that, among other things, "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies,

**Memorandum Decision & Order - 1**

plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Orr brings a breach of contract claim against the Forest Service, its acquisitions department, and three of its employees. His complaint consists of a one-page pleading stating that he has "contracted with Forest Service for many years last 20 to do weed control on fires! 10 months ago I got another contract, has not been a good experience." *See Complaint (Dkt. No. 2).* The rest of his "complaint" consists of letters to various individuals in the Forest Service, a traffic citation from the State of New Mexico, letters to Senator Mike Crapo from the U.S. Department of Agriculture's Acting Director of Acquisition Management, an Emergency Equipment Rental Agreement, excerpts from the Interagency Incident Business Management Handbook and a Forest Service Standard Contractor Performance Report.

It can be gleaned from these documents that Orr had an Emergency Equipment Rental Agreement (EERA) with the Forest Service's Acquisition Service Center in Idaho Falls, Idaho (IDAWY) to provide weed washing services on Forest Service vehicles used for fighting fires. The attached EERA states it was updated in May 2010, is effective through December 31, 2011 and provides a rate of $1,500 a day for the "weed washing unit." This appears to be the contract that Orr claims is breached. Orr was dispatched to a fire in New Mexico in June 2010. Upon his arrival, a safety inspection of his equipment was performed and his equipment failed the inspection, and he was not given any compensation.

**Memorandum Decision & Order - 2**

The United States may not be sued unless it has specifically waived its sovereign immunity. *See Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975). The Tucker and Little Tucker Acts, 28 U.S.C. §§ 1346(a) and 1491 provide such a waiver of sovereign immunity in "a civil action or claim against the United States . . . founded either upon the Constitution, or an Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States . . ." Under the Tucker Act, the only proper defendant is the United States; employees and specific government agencies are not proper defendants. *See Morris*, 521 F.2d at 874. With respect to the Court's jurisdiction under the Tucker Act, the United States Court of Federal Claims has exclusive jurisdiction over contractual claims against the government in excess of $10,000. *See* 28 U.S.C. §§ 1346(a) and 1491.

While Orr does not state in his complaint the amount of damages he specifically seeks, on the Civil Cover Sheet filed with his complaint, he states under "requested in complaint," $1,500 a day for 10 months which is apparently the amount of payment he contracted for. He is seeking well over $10,000, and thus his suit must be brought in the Court of Federal Claims, as this Court lacks jurisdiction under the Tucker Act. Moreover, the Tucker Act forbids suing individual agency employees as Orr has done here.

Because this Court has no jurisdiction, and no conceivable amendment of the complaint would provide the Court with jurisdiction, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(iii).

**ORDER**

**Memorandum Decision & Order - 3**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, the application for leave to proceed in forma pauperis (docket no. 1) is DENIED.

IT IS FURTHER ORDERED, that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: **April 26, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge